IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Siliconature S.p.a., | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:05-3578-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Seal King North America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Seal King North America, Inc.'s ("Seal King") motion to dismiss for improper venue or, in the alternative, on forum non conveniens. For the reasons stated below, the court denies Seal King's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Seal King is a South Carolina corporation that manufactures and distributes specialty tape products and labels. (Compl. ¶ 1.) Siliconature S.p.a. ("Siliconature") is an Italian corporation that manufactures and distributes silicon release coatings and liners that are commonly used in self-adhesive products. (Id. ¶ 2.) From 2002 to 2004 Seal King ordered silicon release liners ("Liners") from Siliconature, and Seal King received invoices from Siliconature for the Liners. (Id. ¶¶ 4-5; Ans. ¶¶ 4-5.) Each invoice Seal King received contains the following provision: "For any dispute that may arise in the application of the present contract, the competent court will be that of Treviso (Italy)." (Def.'s Mem. Supp. Mot. Dismiss Ex. 1 (Debra M. Kelly Decl. 1-2).) The parties agree that Siliconature shipped goods to Seal King in response to orders made by Seal King. (Compl. ¶ 8; Ans. ¶ 8.) Siliconature alleges that

1

despite shipping Liners to Seal King in conformance with Seal King's orders, Seal King has breached its obligation to pay $205,528.99 owed for the Liners.  (Compl. ¶ 9.)

## II. Discussion of the Law

### A. Improper Venue

Seal King moves to dismiss for lack of jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) 12(b)(6), respectively, of the Federal Rules of Civil Procedure. (Def.'s Mem. Supp. Mot. Dismiss 1.)  Specifically, Seal King argues that the forum selection clause found in Siliconature's invoices requires that Siliconature's claims regarding the payment of invoices be raised exclusively in the courts of Treviso, Italy.  (Id.)  In response, Seal King asserts that a motion to enforce a forum selection clause can only be brought under Rule 12(b)(3), not Rules 12(b)(1) and 12(b)(6).  (Pl.'s Reply Supp. Mot. Dismiss 2-4.)

This distinction is material because, while a motion pursuant to Rule 12(b)(3) is waived if not made in a defendant's first response to the complaint, a motion under either Rule 12(b)(1) or Rule 12(b)(6) can be raised at any time.  See Rule 12(h).  The Fourth Circuit has not explicitly decided this question, and other circuits are divided as to the appropriate provision for making such a motion.  However, this court has previously considered such a motion pursuant to Rule 12(b)(3).  See Power Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co., 370 F. Supp. 2d 397, 402 (D.S.C. 2004).  Accordingly, the court agrees with the majority view that motions to dismiss based on forum selection clauses must be brought pursuant to Rule 12(b)(3) for improper venue.  See 17 James Wm. Moore et al., Moore's Federal Practice ¶ 111.04[3][a] (3d ed. 2006).  Therefore, since Seal King did not make this motion in its answer, it has waived the right to move to dismiss based on a forum selection clause.

2

## B. Forum Non Conveniens

In the alternative, Seal King moves to dismiss the case based on the doctrine of forum non conveniens. The doctrine of forum non conveniens "involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955). Under a forum non conveniens analysis, forum selection clauses are generally considered prima facie valid. However, they should not be enforced if to do so would be "unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (internal quotation marks omitted).

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotations omitted).

Due to the circumstances in this case, the second element of the Bremen analysis is problematic. The complaint in this action was filed on December 22, 2005, almost eleven months ago. Discovery is complete, and the case is set for trial during the court's January 2007 term of court. While the parties have not briefed the issue, it is possible that under Italian law, Siliconature's claim is time-barred so that Siliconature "would be deprived of [its] day in court." Id.; see Consolidated Insured Benefits, Inc. v. Conseco, No. 03-3211, 2006 WL 2864425, *5-6 (D.S.C. October 4, 2006) (denying dismissal based on a forum selection clause in part because the statute of limitations in the forum selected in the forum-selection clause could have expired).

Additionally, it is very likely that due to differing rules of procedure, the parties would be forced to undergo the discovery process again. See id. (holding that it would be unreasonable and unjust to require parties to go through discovery again because of dismissal when parties had completed discovery and the case was ready for trial).  Both parties have retained local counsel and invested great time and expense in preparing for trial in this court.  At this late stage in the litigation, it would simply be unreasonable and unjust to allow Seal King to attempt to rely on the forum selection clause found in the invoices to have the case dismissed.  See In re Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1165 (5th Cir. 1987) (holding that "a defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or become knowable to the defendant"), vacated on other grounds by 490 U.S. 1032 (1989).  For these reasons, the court denies Seal King's motion to dismiss based on forum non conveniens.

It is therefore

**ORDERED** that Seal King's motion to dismiss is denied.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                United States District Judge

Greenville, South Carolina
November 21, 2006